IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC, | Civil Action No.: 2:13-cv-00239 |
| Plaintiff, | |
| v. | |
| MELISSA CLEMENS, | |
| Defendant. | |

**ORDER CONFIRMING FINRA INJUNCTION, ENTERING PERMANENT INJUNCTION, AND DISMISSING CASE WITH PREJUDICE**
_____

The Court having considered the Agreed Upon Motion to Confirm FINRA Arbitration Award and to Dismiss ("Motion") filed by Plaintiff Fidelity Brokerage Services LLC ("Fidelity") with the consent and agreement of Defendant Melissa Clemens ("Clemens"), and finding good cause therefore, IT IS HEREBY ORDERED THAT:

1. The Motion is granted. [Doc. 39].

2. Pursuant to the permanent injunction entered by the FINRA Arbitration Panel, Clemens is and shall be enjoined and restrained, either directly or indirectly, and whether acting alone or in concert with others or through any entity with which she is affiliated, from committing the following acts:

   a. for the period up to and including September 6, 2014, soliciting in any manner, whether directly or indirectly, and whether alone or in concert with others, any business from any Fidelity customers or prospective customers whom Clemens served or whose name became known to Clemens while in the employ of Fidelity;

  b. using, disclosing, transmitting and continuing to possess for any purpose, including solicitation of customers, the information contained in the records of Fidelity, including, but not limited to, the names, addresses, telephone numbers, email addresses and confidential financial information of the customers Clemens served or whose names became known to Clemens while in the employ of Fidelity;

  c. making any representation likely to create the erroneous belief that the goods or services of Clemens or her employer, or the good and services of anyone acting in concert with her, are authorized by, sponsored by, licensed by or in any way associated with Fidelity, or otherwise engaging in any other acts or conduct that would cause customers erroneously to believe that Clemens or her employer's goods or services are somehow sponsored by, authorized by, licensed by, or in any way associated with Fidelity; and

  d. for the period up to and including September 6, 2014, hiring, soliciting in any manner, or inducing or attempting to induce any employee of Fidelity to leave his/her employment.

  3. Pursuant to the permanent injunction entered by the FINRA Arbitration Panel, Clemens, and all those acting in concert with her, including any agent, employee, officer or representative of Clemens's employer, to the extent not already done, must return to Fidelity any and all records, documents and/or information pertaining to Fidelity customers, whether in electronic, handwritten or any other form, including any and all copies. This requirement includes all records or documents, in any form, created by Clemens, or anyone acting in concert with her, based on documents or information that was received or removed from Fidelity by Clemens, as well as any records, documents and/or information created or recreated from memory or otherwise by Clemens either during or after the termination of her employment with Fidelity that contain information pertaining to Fidelity customers Clemens became aware of through her employment with Fidelity.

  4. Pursuant to the permanent injunction entered by the FINRA Arbitration Panel, to the extent that any correspondence is required to be kept by Clemens's employer to comply with SEC "books and records" regulatory requirements, any future access to such records, names,

addresses, telephone numbers, email addresses shall be restricted solely to compliance personnel and shall not ever be used by Clemens or her employer for any direct or indirect solicitation or marketing of any kind.

     5.    This case is hereby dismissed with prejudice.

ENTERED: January 30, 2014

                                              s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE